### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERYLE PRINGLE, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) C.A. No. ) ) |
| DELMARVA POWER & LIGHT CO., d/b/a and/or t/a EXELON | ) ) ) ) JURY TRIAL DEMANDED |
|     Defendant. | ) ) |

### COMPLAINT

### INTRODUCTION

1. Plaintiff, Cheryle Pringle ("Plaintiff"), files this action against Defendant Delmarva Power & Light and/or Exelon ("Defendant" "Delmarva") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Delaware Discrimination in Employment Act 19 *Del. C.* § 710, *et seq.*

### NATURE OF THE ACTION

2. Plaintiff has been an employee of Defendant for thirty-six years.

3. Defendant engaged in sex discrimination and wrongfully retaliated against Plaintiff by virtue of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* and the Delaware Discrimination and Employment Act, 19 *Del*. C. § 710, *et seq*.

### JURISDICTION

4. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff is a resident of Newark, Delaware, who at all times relevant to this Complaint was an employee of Defendant Delmarva.

8. Defendant is located at 630 M.L.K. Jr. Blvd, Wilmington, DE 19801 and is subject to service of process at that same address.

## ADMINISTRATIVE PROCESS

9. On January 13, 2020, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging sex, race and retaliation against Defendant.

10. On October 9, 2020, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL, attached hereto as *Exhibit A*.

11. On October 16, 2020, Plaintiff received a Notice of Dismissal and Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), attached hereto as *Exhibit B*.

12. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

**Plaintiff Performs Highly at Delmarva**

13. Plaintiff began her employment with Defendant in 1984.

14. Plaintiff began her career with Defendant in the position of Engineer within the Corporate Environmental Affairs Department.

15. Plaintiff received her Professional Engineer License from the State of Delaware in 1993.

16. In her thirty-six years with Defendant, Plaintiff performed highly within the Gas Division, performing in various first and second-line supervisory roles.

17. Plaintiff received exemplary performance reviews and has never had any performance issues during her tenure with Defendant.

18. In 2006, Plaintiff received the YMCA Black Achievers Award.

19. In 2015, Plaintiff was awarded the Monetary Merit Award for her two-year leadership on the integration of the new Customer Information and Billing System. Plaintiff led approximately eighty-six personnel testing this system.

20. In 2017, Plaintiff received the 2017 Black Engineer of the Year Award – Modern Day Technology Leader Award.

21. Plaintiff is a trusted leader and has served since 2017 as Delmarva Power's sole Data Loss Prevention (DLP) Manager, ensuring that Personally Identifiable Information is not transferred outside the Company and educating employees that violate the DLP policy to not do so. This is an assignment asked only to employees that have demonstrated trust and good ethical standing as it requires viewing confidential documents transferred by employees.

22. Plaintiff has been recognized by not only her team members and co-workers, but also by supervisors and external affiliates as being a great leader, role model, and gas subject matter expert.

23. Plaintiff has been involved in networking and mentoring programs at Delmarva, serving both as a mentor and mentee.

24. Plaintiff has additionally received accolades for her verbal and written interactions with Senior Leadership at Delmarva.

25. Plaintiff has filled in for her former director, Bob Collacchi, on leadership interactions on numerous occasions.

26. Currently, Plaintiff serves as the Engineering Program Manager and sits on the Engineer Development Program Committee.

27. Plaintiff received the highest attainable review, "Extraordinary Impact," for both her 2017 and 2018 performance evaluations.

**Defendant's Discriminatory Practices Begin as Early as 2005**

28. In 2005, Plaintiff was promoted to the position of Senior Supervising Engineer/Manager of Business Planning and Support with the Gas Division of Delmarva. Plaintiff currently holds this position.

29. Since 2005, Plaintiff applied and interviewed for a number of positions she was qualified for, however, Defendant always selected a male candidate for the position.

30. In April of 2006, Plaintiff applied for the position of Manager, Safety & Environmental Programs. Defendant selected Wesley L. McNealy, a white male, for the position.

31. In April of 2009, Plaintiff applied for the position of Manager of Gas Engineering. Defendant selected Robert Kitson, a white male, for the position.

32. In July of 2012, Plaintiff applied for the Position of Process Manager Business Transformation. Upon information and belief, Defendant selected a male for the position.

**Defendant Continues to Engage in Gender Discrimination**

33. In January of 2019, Bob Collacchi, Director of Regional Operations, Gas Distribution, transitioned into a newly created role titled the Director of Multi OpCos Projects.

34. Following this change, Bill Sullivan, Vice President of Electric and Gas Operations, sent a formal email announcement to all Delmarva employees stating that Defendant will announce a new lead for the Gas Division in the coming weeks.

35. At this time, Mr. Sullivan's Directors within the Electric and Gas Regional Operations were all males.

36. On February 1, 2019, Plaintiff responded to Mr. Sullivan's email and expressed her interest in becoming the Director of the Gas Division and laid out her extensive qualifications.

37. In response, Mr. Sullivan advised Plaintiff he added her to the list of candidates for the Director of Gas position.

38. On April 9, 2019, Mr. Collacchi informed Plaintiff a new Gas Director had been chosen.

39. Mr. Collacchi advised Plaintiff the new Gas Director "does not know anything about Gas" and for Plaintiff to be prepared to help the new Gas Director learn the business.

40. Mr. Collacchi then asked Plaintiff if she was thinking about retirement or if she was interested in other positions, all of which were at the same level Plaintiff currently holds and were not promotional opportunities.

41. Plaintiff responded to Mr. Collacchi stating she already informed Mr. Sullivan she wanted to be considered for the Gas Director position. Mr. Collacchi was not aware of Plaintiff's interest in the Gas Director position to Mr. Sullivan or the fact she was on the list of candidates for the position.

42. On April 10, 2019, Plaintiff asked Mr. Sullivan, Mr. Collacchi and Deborah Jones in Human Resources why she was not considered or selected for the Gas Director position.

43. Ms. Jones responded to Plaintiff stating "leadership does not think you have the leadership skills to be a Gas Director."

44. After reporting gender discrimination, Mr. Sullivan excluded Plaintiff from a lunch meeting on April 22, 2019, with African American staff, despite Plaintiff being the highest grade level African American employee within Regional Operations, Gas Distribution. Mr. Sullivan also excluded two African American staff members who report to Plaintiff in an attempt to keep Plaintiff unaware of the meeting, but invited all other African Americans in Regional Operations, Gas Distribution.

**Defendant Selects an Unqualified Male for Gas Director Position**

45. On May 9, 2019, Defendant, through Mr. Collacchi, announced Bryan Clark, a male, was selected as the new Gas Director.

46. At the time of his hire, Mr. Clark did not have any experience within the gas industry and does not possess a Professional Engineer License.

47. The Delaware Public Service Commission and other government officials require the Gas Director to be on site in a reasonable time if there is ever a significant gas emergency incident occurring at any hour. Mr. Clark lives approximately eighty-nine (89) miles outside the gas service territory.

48. Plaintiff has thirty years (30) years of gas experience, thirty-six (36) years of experience and service at Delmarva, has a Professional Engineer's License, and lives twelve (12) miles from the gas offices and within the gas service territory.

49. Plaintiff was clearly more qualified than Mr. Clark for the Gas Director position.

50. Defendant chose not to promote Plaintiff because of her gender.

**Defendant Retaliates Against Plaintiff for Filing a Charge of Discrimination**

51. On June 20, 2019, Plaintiff, in accordance with Exelon Corporate Procedures LE-AC-204, again reported gender discrimination.

52. On January 13, 2020, Plaintiff filed a Charge of Discrimination against Defendant with the Delaware Department of Labor.

53. On January 27, 2020, just two weeks after filing her Charge of Discrimination, Plaintiff received her 2019 Performance Review. Plaintiff received a "Meaningful Impact" which was her lowest performance rating in her thirty-six years of working with Defendant.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
**Discrimination Based on Sex/Gender in Violation of the Title VII of the Civil Rights Act 1964 (42 U.S.C. §§ 2000e et al. as Amended) and Violations of the Delaware Discrimination in Employment Protections Act**
**19 *Del. C*. § 710, *et seq.***
**Against Defendant**

54. The allegations of Paragraphs 1 through 53 are incorporated by reference as if fully restated herein.

55. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b) and 19 *Del. C.* § 710(7).

56. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 2000e(f) and 19 *Del. C.* § 710(6).

57. Plaintiff received her Right to Sue letter from the EEOC on October 16, 2020, and her Right to Sue letter from the DDOL on October 9, 2020.

58. Plaintiff has satisfied all statutory perquisites for filing this action.

59. Plaintiff, a female, is a member of a protected class.

60. Plaintiff is qualified for the position of Manager of Business Planning and Support as well as the Gas Director position.

61. Plaintiff has over thirty (30) years of experience in the Gas Industry and has received numerous performance and leadership awards during her employment with Defendant.

62. Defendant chose a less qualified male candidate for the position of Gas Director.

63. Defendant failed to promote Plaintiff to the Gas Director position because of her gender.

64. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including compensatory damages, past and future lost wages and benefits and the costs of bringing this action.

### COUNT II
### Retaliation Based on Gender in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.) and Delaware Discrimination in Employment Protections Act, 19 *Del.C*. § 726.
### Against Defendant

65. The allegations of Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66. Plaintff engaged in protected activity when she reported the gender discrimination she suffered to Defendant on June 20, 2019, and to the Delaware Department of Labor on January 13, 2020.

67. Plaintiff suffered an adverse employment action on January 27, 2020, when Defendant gave Plaintiff the lowest performance review she had ever received during her thirty-six years with Defendant. Plaintiff's 2019 performance review has caused Plaintiff to suffer from decreased wages and has caused her to miss out on promotional opportunities.

68. There is a temporal nexus between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff as a result of Plaintiff's protected activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Award Plaintiff any and all consequential damages, including but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgment interest, equity, liquidated damages, punitive damages and any or all pecuniary damages.

C. Award Plaintiff all compensation due as a result of Defendant's violations herein.

D. Award Plaintiff an equal and additional amount as liquidated damages.

E. Award Plaintiff costs and reasonable attorney's fees.

F. Award Plaintiff pre and post judgment interest at the legal rate.

G. Any and all such other relief as the Court deems appropriate under the circumstances.

*{Signature Line on Following Page}*

                                                **ALLEN & ASSOCIATES**
                                                */s/ Michele D. Allen*
                                                Michele D. Allen (#4359)
                                                Emily A. Biffen (#6639)
                                                4250 Lancaster Pike Suite 230
                                                Wilmington, DE 19805
                                                302-234-8600
                                                302-234-8602 (fax)
                                                michele@allenlaborlaw.com
                                                emily@allenlaborlaw.com
                                                *Attorneys for Plaintiff*

Dated: December 24, 2020